UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
GLENROY WALKER,

                              Petitioner,

       – against –

UNITED STATES OF AMERICA,

                              Respondent.
------------------------------------------------------------------------x

**ORDER**

23-CR-662 (CS)
25-CV-4447 (CS)

Seibel, J.

      Defendant Glenroy Walker has filed what purports to be a petition for habeas corpus. Such relief is sought in federal cases pursuant to 28 U.S.C. § 2255, which permits motions to vacate sentence. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence."). But a collateral attack is generally only available on a final judgment of conviction. *See Stantini v. United States,* 140 F.3d 424, 426 (2d Cir. 1998) (holding that a § 2255 motion can only be filed after sentencing); *United States v. Gonzalez*, No. 00-CR-447, 2001 WL 987866, at *2 (S.D.N.Y. Aug. 30, 2001) ("[W]here a federal prisoner has not yet been sentenced, a district court lacks jurisdiction over a motion pursuant to Section 2255."). Here, because Defendant has not yet been sentenced, his conviction is not final and there is no judgment to vacate. Indeed, his motion for a judgment of acquittal is still pending. Moreover, although there is no jurisdictional bar to adjudication of a Section 2255 motion while a direct appeal is pending, courts generally avoid expending resources to reach a decision that could be rendered a "nullity" by the results of a direct appeal. *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002); *see United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011) (holding that a

criminal defendant is generally required to pursue a direct appeal before bringing a § 2255 motion); *Wall v. United States*, 619 F.3d 152, 154 (2d Cir. 2010) ("[H]abeas petitions filed before the petitioner has exhausted his direct appeal are generally considered premature."); *cf. United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (divesting a district court of jurisdiction pending an appeal is in the interest of judicial economy and "avoid[s] confusion or waste of time resulting from having the same issues before two courts at the same time"). Assuming I deny the motion for judgment of acquittal, Defendant may, once he is sentenced and his judgment of conviction has become final, file a direct appeal and, if his conviction is affirmed, a motion under 28 U.S.C. § 2255 to challenge his conviction. For now, the petition is dismissed without prejudice. The Clerk of Court is respectfully directed to terminate ECF No. 215 in No 23-CR-662 and to close No. 25-CV-4447.

**SO ORDERED.**

Dated: May 29, 2025
       White Plains, New York

                                                        CATHY SEIBEL, U.S.D.J.